Mark L. JOHNSON and Carol Ann Niel-
son, on behalf of themselves and as
representatives of all others similarly
situated, Plaintiffs and Appellants,

v.

UTAH STATE RETIREMENT OFFICE,
a Utah State Agency, Defendant
and Respondent.

No. 20534.

Supreme Court of Utah.

May 25, 1988.

Stanford B. Owen, Salt Lake City, for
plaintiffs and appellants.

David L. Wilkinson, Mark A. Madsen,
Salt Lake City, for defendant and respon-
dent.

HALL, Chief Justice:

Plaintiffs are former public employees of
Payson City Hospital, which was sold to a
private corporation, rendering the Hospital
and its employees no longer eligible to par-
ticipate in the Utah State Retirement Sys-
tem. Defendant concluded that plaintiffs
were terminated employees within the
meaning of Utah Code Ann. § 49–10–24
(1981) (amended 1987)[1] and therefore de-
nied plaintiffs a refund of the contributions
made by their employer to their Utah State
Retirement System accounts.

Plaintiffs brought this action on behalf
of themselves and all other hospital em-
ployees similarly situated, seeking to recov-
er the contributions made by their employ-
er to their retirement accounts. The dis-
trict court entered summary judgment of
no cause of action, and plaintiffs appeal.

The issue presented requires interpreta-
tion of the provisions of Utah Code Ann.
§ 49–10–24 (1981), which provided:

49–10–24. Options of terminating em-
ployee—Withdrawal of accumulated con-
tributions—Inactive membership. If a
member shall for any cause, except re-
tirement, permanent or temporary dis-
ability or death, cease to be employed in
covered services for an employer he may:

(a) By written request directed to the
retirement office receive a refund of all
his accumulated contributions, less a
withdrawal fee the amount of which the
retirement board shall establish by regu-
lation for the purpose of reimbursing its
administrative fund for the cost entailed
by said withdrawal. In the event of such
election, a terminating employee upon la-
ter re-employment by an employer under
the provisions of this act, unless he rede-
posits his refund as herein permitted,

1. Utah Code Ann. § 49–10–24 was amended by
1987 Utah Laws ch. 1, § 17, effective July 1,
1987, and is presently codified at Utah Code
Ann. § 49–1–502 (Supp.1987). Changes in the
present version of the statute do not affect the
outcome of this appeal.

shall be treated as a new employee and his service history and benefit rights shall then be based upon current services from the date of said re-employment in covered services.

(b) Leave his account in the fund intact. In the event of such election, a terminating employee shall retain status as a member of the system, excepting for the lack of contributions paid into the fund by him or on his behalf. In the event of his re-employment by an employer for services covered by this act, his service history and benefit rights shall be based upon the prior service credit and current service credit accredited to him at the time of his most recent termination of employment, as well as upon the current service credit that he acquires as the result of his re-employment.

Upon the attainment of retirement age, an inactive member shall have the same rights to receive retirement benefits, if eligible therefor, as any active employee member.

Plaintiffs contend that the foregoing statute has no application in this case because it speaks only in terms of individual employees and thus was not enacted in contemplation of employees who become disqualified *en masse*. Plaintiffs therefore urge that they have a legally protectible interest in the employer contributions as "deferred wages." However, the plain, unambiguous language of section 49–10–24 prohibits the granting of the relief sought by plaintiffs.

In no uncertain terms, the subject statute provides that upon cessation of employment "for any cause, except retirement, permanent or temporary disability or death," the employee is afforded but two options. Either the employee may elect to "receive a refund of all his accumulated contributions," or he may elect to "leave his account in the fund intact." Choice of the latter election would of course preserve

to the employee not only his own contributions, but those of his employer as well.

The legislature has the responsibility to promote the public welfare, and it lies within its power to create retirement systems that will accomplish that purpose.[2] We deem that purpose to have been accomplished in the instant case, and we are not persuaded that the mandatory "for any cause" language of the statute fails to encompass a mass disqualification of employees covered by the Retirement System.

We conclude that plaintiffs are statutorily prohibited from sharing in their previous employer's contributions to their retirement accounts.

Affirmed. No costs awarded.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ. concur.

---

**2.** *Bryson v. Utah State Retirement Office,* 573 P.2d 1280, 1282 (Utah 1978). Because of the nature and posture of this case, we are not

asked and do not decide any constitutional issues regarding the legislation or concerns involved in this appeal.